# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORLANDO TORAH CENTER,
INC.,

      Plaintiff,

      v.                               Case No.:  6:25-cv-01463-PGB-LHP

ORANGE COUNTY, FLORIDA,
THE ORANGE COUNTY BOARD
OF COUNTY COMMISSIONERS,

      Defendants,

## ORDER

Before the Court is Plaintiff's Short-Form Motion for Leave to Take Additional Depositions Pursuant to Federal Rule of Civil Procedure 30(A)(2)(A). Doc. No. 46. The Court ordered supplemental briefing, Doc. No. 47, Plaintiff complied, Doc. No. 49, and Defendants have filed their response, Doc. No. 51. Accordingly, the matter is ripe for review. Upon consideration, the motion (Doc. No. 46) will be **DENIED without prejudice**.

Upon review, as the motion, supplemental briefing, and response make clear, Plaintiff has not yet exhausted the ten depositions available under Federal Rule of Civil Procedure 30, Doc. Nos. 46, 49, 51; *see also* Doc. No. 27, at 4, and thus the motion is premature. *See, e.g., Bellasol Condo. 2 Ass'n, Inc. v. Renaissance Re Specialty U.S.*

*Ltd.*, No. 2:24-cv-742-JES-KCD, 2025 WL 3688951, at *1 (M.D. Fla. Feb. 13, 2025) ("Rule 30(a)(2)(A) also contemplates that a party has already taken ten depositions before seeking leave for more."); *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-Orl-37DCI, 2018 WL 11343946, at *2 (M.D. Fla. Aug. 21, 2018) ("Generally, prior to moving for leave to take additional depositions the moving party must have both exhausted the ten depositions allowed by Rule 30(a)(2)(A) and justified the need for those depositions already taken." (collecting cases)); *Connectus LLC v. Ampush Media, Inc.*, No. 8:15-cv-2778-T-33JSS, 2016 WL 9488682, at *2 (M.D. Fla. Oct. 27, 2016) ("[B]ecause Plaintiff has only taken two depositions, the Court is unable to evaluate whether the number of depositions Plaintiff requests to take would necessarily exceed ten, whether the desired depositions would be unreasonably cumulative or duplicative of discovery already obtained, whether the discovery sought could be obtained from other sources, or whether the benefit of additional depositions would outweigh their burden or expense."); *see also Schiller Am., Inc. v. Welch Allyn, Inc.*, No. 06-21439-CIV, 2007 WL 2702247, at *2 (S.D. Fla. Sept. 14, 2007) ("[T]he Court should not and will not entertain a premature motion to exceed the standard number of depositions based upon speculation and conjecture, even if it is reasonably informed and asserted in good faith as is the case here.").

Nor has Plaintiff demonstrated that this is "not an ordinary case" to which this general procedure should apply. *See United States v. Gachette*, No. 6:14-cv-1539-

Orl-22TBS, 2015 WL 524369, at *2 (M.D. Fla. Feb. 9, 2015).  Although Plaintiff says that it has noticed nine depositions, Doc. No. 46, six of them were the subject of a motion for protective order on which the Court recently ruled, and the depositions may now proceed.  *See* Doc. No. 53.  According to Defendant, as of the motion's filing, Plaintiff had not conducted any depositions, and to date has only conducted three.   Doc. No. 51, at 4.[1]   At this point, the Court finds Plaintiff's motion speculative, as simply pointing to an "expansive universe of potential witnesses" *see Bellasol Condo. 2 Ass'n, Inc.*, 2025 WL 3688951, at *2, or that this action is "fact intensive," Doc. No. 49, at 7–11, is not enough absent a concrete showing that the depositions would be necessary and non-cumulative in this case.

Plaintiff may renew the motion, as appropriate, upon exhausting its ten depositions allowed, Fed. R. Civ. P. 30(a)(2)(A), and upon a showing of why additional depositions are necessary and non-cumulative.  *See Bellasol Condo. 2 Ass'n, Inc.*, 2025 WL 3688951, at *2.

---

[1] The Court notes that discovery in this matter opened on or around September 23, 2025, and closes on September 1, 2026.  Doc. Nos. 25, 27.  But Plaintiff does not explain in its motion why it has waited until this point in the discovery process to start conducting depositions.  Doc. Nos. 46, 49.

-3-

**DONE** and **ORDERED** in Orlando, Florida on June 29, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record